# EXHIBIT A

1   JJANET TAPIA
2   237 Kearny Street #237
    (510)823-5373
3

4           SUPERIOR COURT OF THE STATE OF ALIFORNIA IN AND

5               FOR THE COUNTY OF SAN FRANCISCO

6                   UNLIMITED JURISDICTION

7
                                          Case No.: CGC-19-575076
8

9
    JANET TAPIA,                          FIRST AMEDED COMPLAINT
10

11
                                          COMPLAINT FOR DAMAGES
12  Plaintiff,

13  vs.

14  ALICE    MOUGHAMIAN,    NURSE"S
15  SUPERVISOR,(an      individual)   FELIZIA
    HOUSTHONG,DIRECTOR(an           SCOTT
16  WALTON (an individual )CHELSEA MOON,(an
    individual)    FOURTH    JANET    DOE
17  NURSES,(individuals),CRISTINA QUARKS ( an
18  individual)  TWO    JANE   DOES,(unlicensed
    individuals)  JANET    JOY    EXECUTIVE
19  DIRECTOR   ( an individual)   KATLHEEN
    MURPHY (shelter  health  program  coordinator)
20  DIRECT CARE MEDICAL RESPITE INC.( an
21  nonprofit corporation and DOES 1-100 Inclusive
                Defendants

22

23                      **INTRODUCTION**

24  1.  Plaintiff  alleges Defendants:  Alice Mouhamian,  Janet Joy,  Felicia Houston,  Chelsea Mom

25      Three Jane Does ( no licensed employees) fourth Jane Does ( nurses registered employees)

26      DIRECT CARE MEDICAL RESPITE INC, now and all times mentioned in this complaint

27
    COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
28  OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
    VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 1

was a corporation nonprofit   existing under the laws of California with its principal place

of business in San Francisco Ca, 1171Missionb Streets Second floor  it is a shelter type

medical facility, licensed in the State of California that operate as   skilled  nursing felicity

type hospital 24/ 7 facility

2.  Direct Care Medical Respite Inc., is registered as 510(c) (3) nonprofit-tax Exempt

Corporation No. C 3126280

3.  Direct Care Respite Inc. receives its funding from the City, State and Federal. All that in

addition of receiving monetary funding from its associates that is the Woman 's Place The

4.  receiving more monetary funding from its associates that is the "Woman's Place," "The

Homeless Next Door," "Baker Places,"  "Woman's Place Drop in Center" and many more

linked nonprofits managed by the Direct Care medical Respite Ink

5.  On or around November 10, 2016 the individual plaintiff Janet Tapia, was admitted to the

San Francisco General Hospital Emergency Room.  She was operated on her right foot.

Said procedure caused plaintiff to become disabled and unable to walk or take care of

herself.  Plaintiff was referred by the San Francisco General Hospital to the Direct Care

Medical Inc... .. Said facility tout to assist persons whit medical care, transportation, case

management, social services connecting to community resources and *transitional housing*

for all clients. . .

6.  Defendant Janet Joy, Alice Moughamian, Chelsea Moom, and tow Jane Does

(   unlicensed employees) 4 Jane Does (RN nurses), were individuals.  At that all times

stated in this complaint they were and are owners, operators, administrator, and supervisor

of the direct Care Medical Respite Inc. . . . .

.5    In committing the acts alleged in this complaint, each defendant was the agent and employee of each other defendant and was acting within the scope of that agency and capacity.  The conduct of each defendant was ratified by each defendant.

Defendants conduct was carried out by a managing agent or by an officer or director of defendants.  A managing agent, officer or director of defendants had advanced knowledge of the unfitness of its decision makers and employed them with conscious disregard of the rights and safety of the residents of the Direct Care Medical Respite Including Alice Moughamian, Janet Joy Felizia Houston,.

6    Plaintiff are ignorant of the true names and capacities of defendants identified as DOES 1 Trough 100, inclusive.   Plaintiff are informed and believe and on information and belief alleges that these defendants were owners, operators, managers, administrators, and caregivers and other persons employed by the other defendants to provide residential care, sanitation, safety, protective or services at Direct Care Medical Respite Inc:, to disabled persons care medicine management, wound care referral services to social services *interim housing*, and case management.

7.    Direct Care Medical Respite instead of properly refer plaintiff to the proper agencies or arrange for *transitional, interim housing*,  for her, they just violently throw plaintiff out to the street, and *blacklisted* her to all the nonprofits that they, manage  or are  *linked* to Ms. Kathleen Murphy  San Francisco Health Care coordinator, has assisted defendants and was in charge of blacklist plaintiff whit all the nonprofits that are linked as well the San Francisco General Hospital.  Plaintiff will seek a leave to amend when she discern the true identities of the Doe Defendants.   Defendants DOES 1Trught 100 are individuals.  At all times stated in this

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5. VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 3

1   complaint they were and are operator's administrators, and supervisors of the DIRECT CARE

2   MEDICAL RESPITE INC.

3   8.   The acts alleged in this complaint happened at direct Care Medical Respite Located at 1171

4   Mission Street San Francisco, Ca 94103

5

6   9.   On or about November 15, 2016 to January 4, 2017 Plaintiff Janet Tapia was resident at the

7   Direct Care Medical Respite.   She was admitted for post operation care because she had to

8   undergo serious foot surgery to treat and infection that she contracted in a homeless shelter that

9   she had to go because she was wrongfully evicted on October 6, 2016 (she is currently pursuing

10  legal action against the responsible) Regardless of that defendants discriminated and retaliated on

11  plaintiff for filing a complaint on the employee Jane Do is an unlicensed employee, but was well

12  under the defendant's control.

13

14  10.   On or around end of December 2016 plaintiff Jane Doe closed the medical supplies room.

15  Plaintiff needed to change her bandages or open the medical supplies room so plaintiff could do

16  it herself.   Defendant Jane Doe refused to even call the licensed nurse so she could change

17  plaintiff's bandages.   Plaintiff complained about said employee and just right after that,

18  defendants retaliated by withholding plaintiff's medications and medical care for her wound.

19  After that all employees including the licensed nurses who worked there all of them. Withholder

20  medical care to plaintiff and ignored all her requests when she need something. As ibuprofen she

21  keep getting all the time fever. . .

22

23

24

25  11.   In more than one occasion plaintiff verbally asked the Nurses Supervisor Alice Mouhamian

26  the reason. She stated that they don't really have to do mooting for her since she has the weekly

27

28  COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
    OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
    VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 4

appoiments at that San Francisco General for that.   Plaintiff was concerned because the nature of

her surgical procedure she was afraid it will get rein feted if left for too many days unattended. . .

In addition it was rainy wheatear, plaintiff could not war closed shoes the rain water in the open

wound cold cause battery and get re-infected if let like that. . .

12.   Consecutively, on or around January 1, 2017 plaintiff filed an additional complaint this time

in writing because the employee Jane Doe was just harassing her.  She accused plaintiff of eating

on the bedroom, but plaintiff was no heating she had received a bag of cookies as Christmas gift

from her roommate.   Next day   after plaintiff was conversing whit a fried this same employee

swung at plaintiff that was seating in a chair and called plaintiff *"cabrona"* in English *"bitch."*

Plaintiff verbally complained about the assault and Plaintiff submitted written internal complaint

denouncing the Jane Doe 'violent assaults. Next day

she was violently throw out by a black woman that yelled at her you have to go now! You have

to go now or you will be sorry! Plaintiff was frightened and was afraid for her physical safety in

Her physical condition

13.   Plaintiff feared for her physical safety and dragging herself and using her well chair to put

few of her belongings under the that of physical body harm she abandoned the shelter were she

was referred by the Sukeber hospital for post-operative care. The employees of the Direct Care

Medical Respite, injured plaintiff by prematurely violet throw her out  all this was done in full

disregards of plaintiff's rights and blacklisted her. . .

14.   Defendants know that she was unable to take care of herself during that time while she was

there.  Plaintiff had to walk holding herself from the walls, and she was in a constant pain, in

addition, defendants were fully aware of the chronic medical conditions of plaintiff that would

1  make for her difficult if not impossible to take care of herself in a shelter facility were they in

2  bad faith send her because they know that the she contracted that infection in one shelter.

3  15    Plaintiff knows that is and was eligible for priority on housing services or transitional

4  housing and a caregiver.  That defendants willfully failed to notify her of her eligibility no even

5  her assigned social worker Chelsea Moon assisted her.    Plaintiff is very resourceful but at that

6  time she was very depresses she could not walk . . . or take care of her personal affairs. As a

7

8  16   Plaintiff didn't know that she was eligible for a City subsided caregiver, social; worker

9  withholder that information from her as well they failed to enroll, her or inform her of the right

10  to extensions at the shelter were they send her they call that program "transitional housing or

11  resident" that is a part of the program.  As a result plaintiff was whit nobody to assisted her or at

12  least pick up her medications from the pharmacy, or assisted her whit very basic needs...

13  When she fall at the shelter, she had to pay some money to other clients to assist her in getting

14  up, or do chores as is doing her laundry.  Plaintiff fall many times in the Homeless Next Door.

15  17. The most serious one fall was  on February 16, 2017 (30 days after her improper discharge)

16  that she fall in Muni the:    Fire Department had to rescue her from the Muni bus were she fell.

17  As result of that fall she hurt her back and her legs she was in severe pain, and at that moment

18  she had difficulty even getting in and out the bed. She applied to the City for a care giver and

19  was approved, but at the same day it was approved, she was again violently throw out form the

20  shelter, because the Direct Care Medical Respite, black listed her and instructed the shelter

21  managers to abuse, deny, the basic services, rest and recline, extensions and even beat her up,

22  refuse   to enroll her in a resident or interim housing that the Direct Care Medical Respite

23  enrolls all is discharged clients, but not plaintiff.  That  program is available for all clients that

24

25

26

27

28  COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 6

1  came from respite can reside in  the shelter until hosing become available, as well  the Medical .

2  Respite manages and administers, the "Woman's Place" where they easily could place her in

3  transitional housing. At this time plaintiff had identified at least 10 places that are linked or

4  managed by the Direct Respite Medical Care   Inc. were defendants could very easily transferred

5  her to. . .

6  18  . .In summary: of that defendants discriminated and retaliated on plaintiff for filing complain

7  against one of their employee Jane Doe for refusing to open the medical supplies room so

8  plaintiff could change her bandages   herself. (Defendants contend that she is not a licensed to do

9  a dressing change,) but plaintiff's last complaint was because Jane Doe closed the medical

10  supplies room and struck plaintiff

11

12  19.  Doe struck at her and closed the supplies room and refused to phone the nurse in duty. Jane

13  Doe refused to even call the licensed nurse so she could change plaintiff bandages.  Plaintiff

14  complained about said employee and just  a and next day they violent throw her out,  whit no

15  medications or follow instructions or referral to any other social service that may had helped her

16  in such critic moments. Thy just throw her out  and discarded or  destroyed her property, and put

17  a patient who now been at the facility of over a year and no longer need to be there. I'm her

18  former room.

19

20  **JURISDICTION AND VENUE**

21  20.  Venue is proper because this action against a nonprofit corporation Direct Care Medical

22  Respite Inc., has its principal place of business of which is in the City and County of San

23  Francisco, at 1171 Mission Street 2d Floor San Francisco, Ca 94103

24

25  COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 7

1

**LETTER OF INTENT TO SUE AND TOLLING STAUTES OF LIMITIONS**

2   21.  In the middle  of   2017 Plaintiff send the defendants a certified letter of intention to sue

3   that defendants replied  PUBLIC HEALTH care facilities including the one know as DIRECT

4   CARE MEDICAL RESPITE  INC, (CATS) located at 1171 Mission Street San Francisco, Ca

5   94103 In addition a cause of action is tolled when plaintiff suffered severe disabilities and

6

7   unnecessary  additional discrimination *( due to the blacklisting by this same defendants)*,falls and

8   assaults, abuses,  mental injury, and general deterioration to  physical and emotional heath all

9   due to defendant's actions , .  Under CCP § 340.5 applicable to medical malpractice actions,

10   provide an outer limit which is terminates medical malpractice liability after *three* years and

11   which commences from the date the injury suffered.  Plaintiff is up to this day suffering for the

12   injuries cause by this defendant actions, and when the damages are so enormous and the

13

14   malpractice and discrimination caused permanent, physical and emotional damages. . .

15

**FIRST CAUSE OF ACTION**

16   **Professional Negligence**
**Against All Defendants**

17

18   21.  Plaintiff incorporate by reference each allegations set for above

19   At all times mentioned, each defendant owed a duty to use ordinary care, and such render care as

20   prescribed by law, in the treatment and protecting of their resident Plaintiff In particularity and

21   without limit the generality of the foregoing, defendants were required to assist plaintiff whit the

22   care of her healing wound, and provide a violence free environment to plaintiff.

23   Treat residents all the time as individuals, whit dignity and respect and not subject them to abuse,

24   and violence by the employees. The alleged acts and omission were despicable conduct carried

25   on willful and conscious disregard and safety of residents, including plaintiff which is malice

26

27

28   COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5. VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 8

with the meaning of Civil code § 3294 (c)   (1)

22.  These alleged acts of and admission subjected plaintiff to unjust hardship in disregard0

Of plaintiff rigs and safety which is oppression whiting the meaning of Civil Code § 3294 (c)

(2)

23  As a result of their recklessness and malice, and oppression, plaintiff are entitled, in

additional to special damages  for the neglect and abuse of plaintiff to an award of general

damages  under Welfare and Institutions Code §15657, to punitive damages under Civil Code

§3229 and treble damages under Civil code § 3345

24.  As a proximate result of the Alice Moughamian, Felizia Houston, four Jane Doe nurses,

Jane Joy Direct Care Medical Respite Inc. Negligence plaintiff was hurt, injured in her strength,

and activity, sustain injury to her system and person, all of which have caused, and continue to

cause, plaintiff great mental, physical, and legs pain and suffering, plaintiff is informed and

thereon alleges that such injuries will result in some permanent disability to her. As a result of

such injuries. On January 5, 2017 whit no even hiking plaintiff' wound and while patient vital

signs were unstable, and after plaintiff informed to both all defendants that she was not ready for

discharge, defendant's threated violence and throw plaintiff out.

25 All done in full disregard of plaintiff  to be free from  physical injury and neglect from

defendants that had a duty of care.   This defendants actions are despiteful and evil with the

meaning of Civil Code §3294 ( c ) (1) as a result of said actions plaintiff suffered physical and

emotional damages . All this actions  and omissions subjected to plaintiff to unjust hardship in

full disregard of plaintiff ring to be free from discrimination and receive the heath care that she

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 9

1   need to his successful recuperation. Defendants acted whit malice frau and oppression al entitling

2   plaintiff to damages under Civil Code § 3333

3

4                              **SECOND CAUSE OF ACTION**

5                         **Violation of the Unruh Act § § 51.7, 52. (b)**
                                   **Against all defendants**
6   26.  Defendants Direct Medical Respite Care Inc., are a licensed in the State of California that

7
    operate as "skilled nursing facilities." These facilities are to treat patients who no longer require
8
9   acute care in a hospital, but who are unable to take care for themselves.

10  Defendant Direct Care Medical Respite, Inc., Is a nonprofit corporate is now and all times

11  mentioned in this complain was , a corporation existing under the laws of California, with its

12
    principal place of business in San Francisco, Ca . Defendants Alice Moughamian Felizia
13
14  Houston, Chelsea Moon six Jane Does, and Janet Joy.  Plaintiff does not know the names of Doe

15  1-100 and will seek a leave of court to amend their names once their names are ascertained.

16  Plaintiffs is informed and believes and based and that information and belief that defendants

17  were responsible for the occurrences alleged in this complaint, and unlawfully and intuitionally,

18  cause injuries to and damages to plaintiff as alleged sin this complaint
19
20  27.  Plaintiff was transferred from the SFGH for post-operative care.  Defendants Direct Care

21  Medical Respite Inc., and managers and supervisors of said entity Direct Care Medical Respite

22  Inc., and Alice Maughamian, Felizia Houstong

23  On or around January 5, 2017 plaintiff was disabled person.  Defendants    discriminated on

24
    plaintiff.   A big black lady first ting on the morning ordered plaintiff to leave under threat of
25
26  violence.  Plaintiff was still weak unable to walk, and in pain and her wound was still open and

27  there was the great risk of infection.

28  COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
    OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
    VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 10

28. Plaintiff's vital signs were unsteady, defendants never reviewed plaintiff's wound and regardless her vital sing being unstable, and after plaintiff conferred whit. Alice  Moughamian (nurse's supervisor), plaintiff stated to her that she was not ready for discharge, in addition she told them that she had been looking for a rental place because she was afraid to be in a homeless shelter were due to the fact that she contracted that infection on one.  Ms... Moughamian got reservation on a shelter . For plaintiff.

Plaintiff asked for what reason she was being discharged. When she had to hold herself from the wall so she can walk? How she was going to survive in that place?

29. Ms. Ms. Mugmina the only reason given to plaintiff was that her name came up.   Noting was discussed defendants were not open to discuss plaintiff' health stay they want is her out of the Hospital

Defendants had a duty to plaintiff to notify ahead her premature discharge, as well to be protected from threat of physical harm or violence.

Plaintiff told her about other patients that the "Direct Care Medical Respite Inc." was holding even when they had completely recovered the reason, being so they can get subsided housing sooner.  Even when they no longer need to be hospitalized, and had family to go to.

30  In addition plaintiff found out that the Direct Medical Respite Inc.  Has a program that in the Homeless Next Door were plaintiff was negligently send by Direct Care Medical Respite Inc., Referrals from the Direct Care Medical Respite Inc., get entered in a program that the Medical Respite Inc. Calls "Residents or Transitional Housing"

31. Defendants instead of recommend plaintiff for the program, blacklisted plaintiff so the monitors at the "Homeless Next Door"   strike assault, deny the services. The Direct Care

COMPLAINT FOR DAMAGES PRSONAL INJURY1:  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5. VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 11

1   Medical Respite Inc. blacklisted plaintiff so the employees of the Homeless Next Door abused

2   plaintiff and denied her services that she is entitled by law as a disabled convalescent person.

3   As is rest and recline, reasonable accommodations, nurse services social services, referral to

4   outside the shelter social services, and extension that were and are fundamental for plaintiff's full

5   recovery. . . None of these were given to plaintiff no after she suffered serious falls and got to the

6   point of needing a personal care giver she had trouble getting out and of bed due to her problem

7

8   whit her legs, and pain. . .

9                        **THIRD CAUSE OF ACTION**

10                 **Violation of the Ralph Act Civic Code § 51.7**

11                       **Against all defendants**

12

13   32.  On or around December 5, 2017 Plaintiff  conferred whit Alice Maugmahim and told her

14   that she didn't fell she should be discharged to a homeless shelter after she had contracted and

15   serious infection on her right t foot in one of these shelters.  And after defeats did the morning

16   check of her vital sings and saw that she had very high blood pressure, fever, and after plaintiff

17   wrote a letter to Ms. Mauhmian Expressing her concerns that she was not filing well enough to

18   be discharged to a homeless shelter, defendant Jane Doe a big black woman violently and under

19   the threats of physical harm yelled at   plaintiff: *You have to go! You have to go! You have to go*

20

21   *now!*  No medications were given to her not referrals to other professionals, not instructions or

22   not all this was done after defendants saw walk that plaintiff could not walk independently, and

23   had to hold herself from the walls so she could go to the bathroom. Defendants threatened to

24   cause severe bodily, injuries to plaintiff if she don't immediately abandon the Direct Care

25

26   33. Medical Respire Inc. Defendants violated the duty of care owed to plaintiff that is be free

27

28   COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
     OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
     VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 12

from unnecessary violence,  Defendants  willfully intentionally violated Civil Code  § 51.7 that

provides that all persons have the right   to free from any violence, or intimidation by threat of

violence committed against their persons or property because of their characteristics or medical

condition . And to be discharged properly.  All this at were done whit permission of Ms. Alice

Mouaghamian,  Janet Joy and Cristina Quarks who authorized that improper discharge to the

Homeless Next Door all the directors of the Direct Care of Medical Respite.

## FOURTH CAUSE OF ACTION

### Violation of the Ralph Act code of Civil Code 51.7 (b)

### Against all Defendants

34.  All defendants in concert planed organized and executed blacklisted plaintiff whit all

nonprofits that Direct Care Medical Respite, is linked to or contracts whit including the

Homeless Next Door, the Hot Team, MSC, Sanctuary, and Providence Foundation Bethel AME

Church.  All this entities and by orders of the Direct Care Medical Respite Ink, Assaulted ,

refused to call the paramedics when plaintiff got sick, and refused and discriminated of the way

of rendering services all due of the Medical Respite Ink employees blacklisting plaintiff. All this

acts were carried with despicable malice these acts subjected mental and physical injury. . . As a

result of direct and proximate result of the negligence of defendants, and each of them, plaintiff

was, plaintiff was required to and did employ physicians therapist and other medical

professionals to provide medical services to her, which would not have occurred but for the

negligence  and abuses of such defendants, in amounts to be proved at trial. due

the discrimination

## FIFTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 13

**Against all Defendants**

**Abuse of Depended Adult *Wolf & IC §§156110.23(a)***

35.  November 15, 2016 Plaintiff was referred by the San Francisco General Hospital to the

Direct Care    Medical Respite Inc., ("that is called transfer of care" Meaning that defendants had

the duty to pride medical care to plaintiff) At all the times mentioned, each defendant Howe a

duty to use ordinary care, and such are as prescribed by law, in the treatment and protection of

their resident, this individual plaintiff In particular when it came to the care of her open wound.

Defendants were negligent by refusing to change plaintiff bandages in a daily base as it is

required

36  Defendants neglected plaintiff as well by denying her medications or ever respond when she

had any questions as when she was in severe pain or had fevers that were frequent after

discharge from the SFGH

In multiple occasions defendants just ignored plaintiff and just keep their persona; conversation

all while on duty.

37.  On one occasion plaintiff confronted them and told them that health care providers are

required by Law to prioritize. Meaning that if a patient had a health issues that takes priority over

superfluous conversations.  Nurse of the Direct Care Medical Respite Inc. responded that they

were working giving therapy to that person. That was a lie (therapies are conducted being closed

door not in open spaces) that was only an excuse to ignore plaintiff when she was in pain.

38. Plaintiff had took a medical assistant training and was able to do her dressing changes

herself.  In the `occasions the defendant don't lock the medical supplies room so plaintiff won't

get access to the medical supplies and do her how gaze change while she was  resident at the

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 14

Direct Care Medical Respite Inc., Defendants acted whit malice and in full disregard of plaintiff

rights. So she had to take care of her health herself since they were refusing to do it. `

39. As a  direct and approximate result of the negligence of defendants and each of them, as

aforesaid, plaintiff has physical and emotional injuries as described herein, and was caused to

suffer general and special  damages as alleged herein, in an amount to be proven at trial,

Defendants were negligent by failing to protect her by the abuses inflicted by their employee

Jane Doe who harassed and struck plaintiff in multiple occasions. . .

40.  Plaintiff could not defend herself she could not even run for her safety. . .

The most serious one happened on or around January 2, 2017 were this Doe defendant struck

plaintiff and she filed and internal complain and defendants instead of just addressing the issue

whit their employee, the just violently throw out plaintiff

As a result of direct and proximate result of the negligence of defendants, and each of them,

plaintiff was, plaintiff was required to and did employ physicians therapist and other medical

professionals to provide medical services to her, which would not have occurred but for the

negligence  and abuses of such defendants, in amounts to be proved at trial. DE


41. *Welfare & Institutions* Code, Defines a "dependent adult" as any person between the ages of

18-64 years old who resides in this state and who has a physical or mental limitations that restrict

his or her ability to carry out normal activities or to protect his or her rights, including, but not

Lactated to person who have physical or developmental disabilities, or whose **physical** or mental

disabilities have diminished because of age"( plaintiff was a physical disabled person)

Page 5, paragraph 20:  The EADACPA ,ad specifically § 15610.23 (b) of the *Welfare &* 42.

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 15

*Institutions* Code, defines a dependent acute who as any person who has between the ages of 18 and 64 years who is admitted as an inpatient to an 24 hour-hour facility , as defined in §§1250,1250.2 and 1250.3 an d the Welfare of the *Health & Safety Code,*

42  Pages 5-6 paragraph 21:  As defined under the EADACPA, and specially §15610.70 of the *Welfare & Institutions* Code, Abuse of an elder or depended adult" means either of the following:

"(a) Physical **abuse, neglect,** financial abuse **abandonment,** isolation, abduction to to the treatment whit the resulting physical harm to pain or mental suffering."

"(b) The **deprivation** by care custodian of **goods** or **services** that are necessary to avoid **physical** harm or **metal suffering**."

(7) Page 5, paragraph 22: Welfare & Institutions Code §15610.57 (a) defines **"neglect"** as follows:

"The negligent failure of any person having the care or custody of an elder or dependent adult to exercise that degree of care that a reasonable person in a like position would had exercised"

"Neglect includes but is not limited to all of the following . . .:

1.   Failure to exercise that degree of care that a reasonable person in  a like position would exercise

2.   Failure to provide medical care for physical and mental health needs.

3.   Failure to protect from health, and safety hazards, [Emphasis added]

43.  All these alleged acts and omission were despicable conduct carried on with willful and conscious disregard of the rights and safety of plaintiff who was at that time resident of the Direct Care Medical Respite Inc., which is malice between the meaning of Civil code § 3294

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5. VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 16

1  (c ) (1)

2  These alleged acts and omissions also subjected plaintiff to occurred and unjust hardship, in

3  conscious disregard of plaintiff's rings and safety which is oppression between the meaning of

4  Civil code §3294 (c ) (2)

5

6  Plaintiff will seek a leave to plead punitive damages under Civil Code Section§3294 for

7  defendant evil; and despicable actions toward plaintiff.

8

9

10                              **SIXTH CAUSE OF ACTION**

11                          **Violation of Civil Code §§ 54 and 54.1**

12                                **Against all defendants**

13  44   On or around defendants employees Directors mangers of the Direct Care medical Respite.

14  Improperly discharged plaintiff even when her vital sings were unstable. You have to go now!

15  You have to go now or you will be sorry!

16
   All this while defends know that plaintiff couldn't walk and she could not take all her
17
   belongings.
18

19  On few occasion plaintiff intended to retrieve her property and defendants did not allowed her.

20  Defendant just refused to take care of plaintiff even she was referred by the SFGH because she

21  need a post-operative care.   That day in question plaintiff had very high blood pressure fever and

22
   pain.   Defendants acted defendant acted whit malice fraud and oppression by not allowing
23
24  plaintiff to retrieve all her property, ad expelling her just because she was sick and disabled.

25  These actions subjected Plaintiff to crueler and unjust hardship, in conscious disregard of

26  plaintiff's rights which is oppressing and malice between the meaning of Civil Code §§ 3294 (c)

27  (2) 3333

28  COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
   OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
   VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 17

## SEVENTH CAUSE OF ACTION

### Violation of the ADA

### Against all Defendants

45  On or around November 2016 plaintiff was resident of the Direct Care Medical Respite Inc.,

Defendants  Alice Moughamian and Chelsea Moon improperly discharge plaintiff when  in that

same day her general health and her vital signs were unstable.   Plaintiff had very high blood

pressure, fever, and her wound on her right feet was still very swollen, open and propensity to an

infection.

Defendants know all this . . . as well defendants  knew that by forcefully discharging plaintiff to

a homeless shelter will cause her mental suffering and anguish since she was infected in one of

these homeless shelter.  Plaintiff was still weak and in continuous pain.

Defendants were also aware that plaintiff suffer from depression and that by their mistreating and

abusing her will cause her depression to be exuberated. Specially while that treatment was

unjustified.  Defendants never bothered to check plaintiff wound to see how was it healing

46  There was few weeks that defendants  don't even know how plaintiff was progressing this

happened while plaintiff was in defendant's custody as resident of the Direct Care Medical

Respite Inc.  Well just because plaintiff was no healing soon enough and because defendants

discriminated on her. There were some other clients that had been in there for over a year and

they no longer need to be there, but the employees and managers of the direct Care Medical

Respite, keep them so they can  Manipulate the system and get heavy subsided hosing sooner---

All this done under the table.

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 18

47.  Defendant violated the ADA as plaintiff is legally disabled, she was sick and need skilled

nurse care that only in the Direct Care Medical Raspy she could get.

As well defendants violated the ADA because principally Janet Goy, Alice Moughamia and

Felizia Houstong, all of them in management positions reviewed all her file and saw that it was

improper discharge and violation of the ADA.

However in violation on the ADA instead of at least rectify at least a little, they could had put her

in what she was rightfully entitled that is the *"resident program the they put all their patients"*

went they are referred to the Homeless Next Door, instead of doing that they black listed plaintiff

whit the employees of said entity and even whit the nurse working on site.

To deny plaintiff the medical care owed she asked she was immediately rejected and refused any

medical care all this due to the recommendation of the employees of the direct Care Medical

Respite Inc.,

47  Defendant violated the ADA by improperly discharging and blacklisting her so she will be

disabled in a homeless shelter that will be put her on the street when she was unable to walk all

this alleged acts and omissions were  carried intentionally, with fraud malice and in conscious

disregard of plaintiff right to be free from physical injury all  between the meaning of Civil code

§ 3294 (c) (2)

## EHIGHT CAUSE OF ACTION

### Unfair business practices

48  Defendants direct Care Medical Respite Inc., is a skilled hospital nursing facility which is 24

hours health care facility as defined in Health  and Safety Code §1250,250.2,12503

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5. VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 19

49  On or around November 20016 plaintiff was resident at the Direct Care Medical Respite Inc.,

while she was there and while she was sick and her vital sings unsteady. And for the only reason

of economic gain defendants. Improperly discharged plaintiff.  Direct Care Medical Respy Inc.

discharged plaintiff whitout taking on consideration her health that the principal cause that

patients get referred to that facility so patient can heal properly. On or around November 15 that

plaintiff was transferred to the Direct Care Medical Respite Inc., defendants howed a duty of

proving plaintiff whit basic medical care and they breached that duty so employees of their

licensed facility medical care and they breached that duty

50  Defendants withholded medical care from plaintiff, closed the medical supplies so she won't

do her how medical care herself. And finally violently and in very humiliate way throw her out

to ha homeless shelter. (wre that homeless shelter had has a requirement of admission that clients

be able to take care of themselves, and plaintiff was physically disabled)

51   All this was done while plaintiff asked them to please not to throw her out because she was

still beryl sic, weak and at that day she had fever and very high blood pressure among other·

things defendants never cared about how plaintiff was feeling or what. How she was gone to

survive in that environment.


Just under the threat of physical harm and whit no medications at all, improperly discharged

plaintiff .

52  Under the comparative negligence this is *tortious* conduct that will need a review form the

medical board of all this employees who were involved in this matter.

As a proximate result of the defendants tortuous conduct negligence unfair business practices.  -

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 20

1  [The test whether a business practice is unfair for purpose of the Act involves an examination of

2  that practice's] impact on its alleged victim, balanced against the reasons, justifications and

3  motives of the alleged wrongdoer. In brief the court must weigh the utility of the defendant's

4  conduct against the gravity of the harm to the alleged victim . . . And unfair business practice

5  occurs when the practice offends an established public policy or when the practice is immoral,

6

7  unethical, oppressive unscrupulous or substantial injurious to consumers.  In this case defendants

8  know that they action were improper and were to affect plaintiff for the rest of the life.

9  defendants and each of them plaintiff  was hurt and injured her hart l strength , and activity she

10

11  sustained injury and trauma to her nervous system and person all of which had caused and

12  continue to cause plaintiff great mental, physical, and nervous pain and suffering.   Plaintiff is

13  informed and believes and thereon alleged that such injuries will resulted in pain and suffering

14  and in some permanent disability to her. As a result of 'such injuries, plaintiff has suffered

15  General damages according to proof.

16

17

18

19

20

21

22  <center>**NITH CAUSE OF ACTION**<br>**Violation of Go Code §11135**<br>**Against all defendants**</center>

23

24  53  Defendant and all of them violated Gov Code §11135 (b) that states not that state that no

25  person be discriminate on bases of disability.   Defendant refused to allow time for plaintiff to

26  properly heal, and the refusal was because of plaintiff's disability:   They know that it was going

27

28  COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5. VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 21

1  to take a little longer that normal, because they know that plaintiff is diabetic. And they just

2  because of that; violently throw her out.

3  54 As a result plaintiff suffered physical pain and disfiguration, she had to be in and

4  environment where nobody was willing or able to help her. All this cause plaintiff injure. As a

5  result of direct and proximate result of the negligence of defendants, and each of them, plaintiff,

6  was required to and did employ physicians therapist and other medical professionals to provide

7  medical services to her, which would not have occurred but for the negligence and abuses of

8  such defendants, in amounts to be proved at trial.

9

10

11

12

13

14  <center>**TENTH CAUSE OF ACTION**
**Breach of Written and Oral contract**
**Brach of covenant of good faith and fair dealing**
**Against all Defendants**</center>

15

16  55  Direct Care Medical Respite Inc.  Is a licensed skilled  24 hours care facility whiting the

17  meaning of  Health and Safety Code § 1250, 1250.2, 1250.3

18  56   On or around November 15, 2016 doctors form the San Francisco General Hospital

19  entrusted whit the care of plaintiff / or responsibility for providing medical care, and were

20  *licensed* to provide services under the laws of the State of California and were engaged in this

21  practice in San Francisco California.  All defendants, named and named as Doe were the agent,

22  servants, employees, principals mangers and director co-conspirators. On November 15, 2016

23  plaintiff was transferred to the Direct Care Medical Respite Inc.

24

25  57 Defendants had a duty to care and provide medical are to plaintiff.  Defendant breached that

26  duty when they refused to change plaintiff bandages, and after throwing t\her to the homeless

27

28  COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 22

shelter were they put, and blacklisted her

Defendants were fully aware of plaintiffs vulnerable condition and predisposition to falls and

that her condition was unstable at the time of the last beach, plaintiff was neglected and received

not medications, all resulting in pain and suffering up to this day. . .

58. The conduct of defendants and each of them was extreme, was egregious, and reckless

disregards of plaintiff rights, was careless callous, was outrageous, , intentional and malicious

and done whit the purpose to causing plaintiff to suffer mental angus and emotional and physical

distress.

59.   As a proximate result of the acts of defendants and each of them, plaintiff was and injured

in her health strength, and activity, sustaining injury to her nervous system and person, all of

which have abuse injuries have caused, plaintiff great mental, physical, and nervous pain and

suffering and severe emotional distress.  As a result of the injuries plaintiff had surfed general

damages in a sum according to proof.

60 As a result of direct and proximate result of the negligence of defendants, and each of them,

plaintiff was, plaintiff was required to and did employ physicians therapist and other medical

professionals to provide medical services to her, which would not have occurred but for the

negligence and abuses of such defendants, in amounts to be proved at trial. DE

### ELEVENTH CAUSE OF ACTION
#### Personal Injury
#### Against all defendants

61 All defendants had a duty to provide medical care to plaintiff at least u till she was enough

recovered to be able to take care of herself. All defendant breached this duty specially Cristina

COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 23

1  Quarks and whit ne even taking in considering  plaintiff vital sing were not stabilized as it is

2  required by law before disarrange a plaintiff she maliciously intentionally encouraged and she

3  herself  and singed plaintiff improper discharge.

4  As a result up until today plaintiff is suffering and is in pain she had not opportunity to proper

5  heal.  62

6

7  All this defendants' act in concert to hurt plaintiff in a very evil way.

8  Defendants conduct   was intentional and in full disregard of plaintiff rights that is to eve proper

9  medical care and all of them breached that duty. As a result plaintiff was and is   up to this day

10  suffering the   consequences of their evil actions

11

12

13  WEREFORE:  Plaintiff pray for judgment against defendants, and each of them, as follows:

14

15

16     1.  For general damages ;

17     2.  Special Damages

18     3.  Cost for the destruction or loss of the property.

19     4.  Plaintiff will seek a leave to add exemplary punitive damages to all defendants

20

21

22  Dated: August 21, 2019

23

24

25

26

27                        _Janet Tapia_
                         Janet Tapia

28  COMPLAINT FOR DAMAGES PRSONAL INJURY1.  GROSS NEGLIGENCE2. NEGLIGENT INFLICTION
    OF EMOTIONAL DISTRESS3. ABUSE OF DEPENDENT PERSON4. UNFAIR BUSINESS PRACTICES5.
    VIOLATIN OF THE URUH ACT6. VIOALTIN OF THE RALPH ACT - 24

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Janet Tapia

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Alice Moughamian et al
( Addtinal Parties Form Attache )

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER
*(Número del Caso):*

400 McAlister Street
San Francisco, Ca 94102
Civil Court Unlimited Division

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Janet Tapia                                    Phone:  (510)823-5373
237 Kearny Street #237
San Francisco, Ca 94108

DATE:                                    Clerk, by                                    , Deputy
*(Fecha)*                                    *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB | Essential
ceb.com | Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | NUMBER: |
|---|---|
| Janet Tapia v Alice Moughamian at al | CGC-19-575076 |

### INSTRUCTIONS FOR USE

➢   This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➢   If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff      ☒ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

ALICE MOUGHAMIAN, NURSE"S SUPERVISOR,(an individual) FELIZIA
HOUSTHONG,DIRECTOR(an  SCOTT WALTON (an individual )CHELSEA MOON,(an
individual) FOURTH JANET DOE NURSES,(individuals),CRISTINA QUARKS  ( an
individual) TWO  JANE DOES,(unlicensed  individuals) JANET JOY
EXECUTIVE DIRECTOR  ( an individual)  KATLHEEN MURPHY (shelter health
program coordinator) DIRECT CARE MEDICAL RESPITE INC.( an  nonprofit
corporation and DOES 1-100 Inclusive

Page_____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CEB | Essential
ceb.com | Forms

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br><br>Janet Tapia<br>237 Keanry Street #237<br>San Francisco, Ca 94108<br><br>TELEPHONE NO.: (510)823-5373   FAX NO.:<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAlister Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Francisco, Ca 94102
BRANCH NAME: Civil Unlimited Division

CASE NAME: Janet Tapia v Alice Moughamian et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CGC-19-575076 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:    August 22, 2019

JANET TAPIA                                   ▶ *Janet Tapia*
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          CEB  Essential Forms
                                    ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov