UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANET TAPIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALICE MOUGHAMIAN, et al.,<br><br>　　　　Defendants. | Case No: 19-cv-06899 SBA<br><br>**ORDER TO SHOW CAUSE: (1) WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED; AND (2) WHY THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE ADA SHOULD NOT BE DISMISSED AND THE REMAINDER OF THE ACTION REMANDED TO STATE COURT** |

Plaintiff Janet Tapia ("Plaintiff"), proceeding pro se, brings the instant action against several defendants, including "Nurse's [S]upervisor" Alice Moughamian ("Moughamian") and "[D]irector" Felicia Houston ("Houston"), erroneously sued as "Felizia Housthong."[1] To date, only Moughamian and Houston have been served and appeared. The operative pleading is Plaintiff's Second Amended Complaint for Damages ("SAC"). Dkt. 44. Having reviewed the SAC, the Court directs Plaintiff to show cause: (1) why the unserved Defendants should not be dismissed without prejudice; and (2) why Plaintiff's Seventh Cause of Action for Violation of the Americans with Disabilities Act ("ADA") should not be dismissed and the remainder of the action remanded to state court.

I.　**BACKGROUND**

　　A.　**FACTUAL ALLEGATIONS**

On or about November 10, 2016, Plaintiff was admitted to San Francisco General Hospital, where she underwent surgery on her right foot to treat an infection she contracted at a homeless shelter. SAC ¶¶ 2, 10. Following surgery, she was "unable to walk or take

---

[1] In addition to Moughamian and Houston, Plaintiff names as defendants Scott Walton; Chelsea Moon; Cristina Quarks; Janet Joy, Executive Director; Kathleen Murphy, Shelter Health Program Coordinator; and Community Forward SF Inc., a nonprofit corporation ("CFSF") (collectively "Defendants"). She also sues several "Janet Does."

care of herself." Id.  Plaintiff was referred to CFSF for post-operative care. Id.  She was a resident at CFSF from approximately November 15, 2016 to January 4, 2017. Id.

Plaintiff alleges that, in or about the end of December 2016, an unnamed employee, "Janet Doe," closed the medical supply room. Id. ¶ 11.[2] Plaintiff wanted Janet Doe to summon a nurse to change her bandages or open the medical supply room so Plaintiff could change them herself. Id.; see also id. ¶¶ 19-20. Janet Doe refused. Id. ¶ 11. "Plaintiff complained about said employee and just after that, [D]efendants retaliated by withholding [P]laintiff's medicines and medical care for her wound." Id.  Plaintiff asked the nurses' supervisor, Moughamian, "the reason [why care was being withheld]." Id. ¶ 12. Moughamian stated that "they don't really have to do noting [sic] for [Plaintiff] since she has the weekly appointments at the San Francisco General Hospital for that." Id.

On or about January 3, 2017, Janet Doe "accused [P]laintiff of eating on [sic] the bedroom, but [P]laintiff was no [sic] eating she had received a bag of cookies as Christmas gift from her roommate." Id. ¶ 13.  The next day, "this same employee swung at [P]laintiff and called her 'cabrona[,]' [i]n English 'bitch.'" Id.  Plaintiff verbally complained about the assault and also submitted a written complaint. Id.  Plaintiff alleges that, the next day, "she was violently throw[n] out [of CFSF] by [an unidentified] black woman that yelled at her[,] ['][Y]ou have to go now! You have to go now or you will be sorry!'" Id.  Plaintiff was frightened and afraid for her physical safety. Id.

Plaintiff alleges that she was eligible for transitional housing and a caregiver, but that Defendants failed to notify her of the same. Id. ¶ 16.  Instead, she was sent to a homeless shelter known as Next Door. Id. ¶ 17.  Plaintiff further alleges that Defendants "blacklisted" her from other programs and facilities with which they are affiliated. Id. ¶¶ 8, 14; see also id. ¶ 18 (alleging that, in or about February 2017, Plaintiff was thrown out of another shelter "because [CFSF] blacklisted her").

---

[2] Plaintiff sometimes refers to this defendant as "Janet Doe" and sometimes refers to her as "Jane Doe." See SAC ¶ 11.

In sum, Plaintiff alleges that Defendants "discriminated and retaliated" against her "for filing complain[ts] against one of their employees[,] Jane[t] Doe …." Id. ¶ 20; see also id. ¶ 21 (alleging Plaintiff was thrown out of CFSF after complaining about Janet Doe).

### B.     PROCEDURAL BACKGROUND

Plaintiff initiated the instant action in the San Francisco County Superior Court on April 5, 2019. Dkt. 19-1. She filed a First Amended Complaint ("FAC") on August 22, 2019, Dkt. 19-8. The FAC alleged eleven causes of action—one federal law cause of action for violation of the ADA and ten state law causes of action for, inter alia, personal injury, elder abuse, and breach of contact.

On October 23, 2019, Moughamian removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1441. Dkt. 1. Houston joined in the removal. Dkt. 3. On October 30, 2019, Houston and Moughamian filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 8, 9. On November 26, 2019, Plaintiff filed a motion to remand the action to state court. Dkt. 15. The Court held the motions to dismiss in abeyance pending resolution of the motion to remand. Dkt. 18.

Thereafter, the Court denied Plaintiff's motion to remand. Dkt. 29. On June 1, 2020, the Court issued an Order Granting In Part and Denying In Part Defendant Moughamian and Houston's Motions to Dismiss ("Order re FAC"). Dkt. 41. The Court dismissed four causes of action, including the Seventh Cause of Action for violation of the ADA, with leave to amend. Id. at 16. The Court ordered Plaintiff to file a SAC by June 26, 2020. Id. Plaintiff filed the operative SAC on June 28, 2020. She re-alleges all previously alleged causes of action, including the Seventh Cause of Action for "Violation of the ADA." SAC ¶ 63.

## II.    DISCUSSION

### A.     SERVICE OF PROCESS

It appears Plaintiff has not served Defendants Scott Walton, Chelsea Moon, Christina Quarks, Janet Joy, Kathleen Murphy, or Community Forward SF Inc. Nor has she identified and served any "Janet Does." See SAC at 1.

A plaintiff is responsible for serving a summons and a copy of the complaint in the manner and within the time prescribed. Fed. R. Civ. P. 4(c)(1). Pursuant to Federal Rule of Civil Procedure 4(m), service must be completed within 90 days after the filing of the complaint. In an action removed from state court, the 90-day period begins to run upon removal. Whidbee v. Pierce Cty., 857 F.3d 1019, 1023 (9th Cir. 2017); see also 28 U.S.C. § 1448. If a defendant is not timely served, the court must either dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Unless "good cause" is shown, no extension of time to complete service is required. Id.; see also Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2014).[3]

Here, Plaintiff initiated the instant action over a year ago, and the action was removed on October 23, 2019. Pursuant to Rule 4(m), the deadline to complete service was January 21, 2020. Despite the significant passage of time, Plaintiff has not served all named defendants. Accordingly, Plaintiff shall show cause why the unserved defendants should not be dismissed from the action without prejudice.

**B.   FAILURE TO STATE A FEDERAL CLAIM AND REMAND**

Houston and Moughamian previously moved to dismiss the Seventh Cause of Action for violation of the ADA on the ground that Plaintiff failed to allege facts to support the inference that Defendants discriminated against her *because* of a disability. The Court agreed that Plaintiff failed to state a claim. Order re FAC at 12-14.

As set forth by the Court in its prior order, to state a claim under either Title II or Title III of the ADA, a plaintiff must plead and prove that the defendant denied her services or accommodations because of her disability. Id. at 13 (citing Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Arizona v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010)).

---

[3] At a minimum, good cause requires a showing of excusable neglect; it may also necessitate a showing of (a) actual notice to the defendant; (b) lack of prejudice to the defendant; and (3) severe prejudice to the plaintiff. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Boudette v. Barnette, 923 F.2d 784, 756 (9th Cir. 1991)).

In the FAC, Plaintiff alleged that "Defendants violated the ADA by improperly discharging and blacklisting her[.]" FAC ¶ 47.  According to Plaintiff, at the time of her discharge, she "had very high blood pressure, fever, and her wound on her right feet [*sic*] was still very swollen, open and propensity [*sic*] to an infection." Id. ¶ 45.  Plaintiff alleged that she was "legally disabled," as "she was sick and need[ed] skilled nurse care …." Id. ¶ 47.  Plaintiff concluded that "[D]efendants violated the ADA because principally Janet Goy, [Moughamian] and [Houston], all of them in management positions reviewed all her file and saw that it was improper discharge and violation of the ADA." Id.

The Court explained that Plaintiff's allegations failed to state a claim.  Order re FAC at 13-14.  Even assuming that she is disabled within the meaning of the ADA, Plaintiff failed to allege any *facts* to support the inference that Defendants discharged and/or blacklisted her *because* of such disability.  Id.  Although she alleged that she was denied medical care by virtue of her untimely discharge, she did not allege that the discharge was motivated by her disability (or even her post-operative medical needs).  Id.  Indeed, based on Plaintiff's allegations regarding the nature of CFSF's services, it appears most, if not all, of the individuals it serves are similarly situated to Plaintiff, i.e., they require medical care and/or are disabled.  Thus, the circumstances of Plaintiff's discharge, as alleged in her FAC, did not support the notion she was singled out because of any disability.  Id.  Rather, the FAC alleged that Defendants discharged Plaintiff in retaliation for filing complaints against an employee referred to as Janet Doe.  Id. (citing FAC ¶¶ 10-12, 18-19).  Those allegations do not give rise to an inference of discrimination based on Plaintiff's disability.

Plaintiff failed to address this pleading deficiency in her opposition to Moughamian and Houston's prior motions to dismiss.  She stated only that Defendants failed to consider or disregarded her medical needs when they discharged her to a shelter.  Opp'n at 7.  The Court explained that "Defendants' purported failure to consider or their apparent disregard for Plaintiff's medical needs at the time of her discharge does not support the conclusion that Defendants excluded Plaintiff "due[] to her disability." Order re FAC at 14.

Nevertheless, even though Plaintiff failed to identify any additional facts she might allege in support of her claim, the Court granted her leave to amend. Id.

In the operative SAC, the entirety of Plaintiff's Seventh Cause of Action is as follows: "On [o]r around November 2016 plaintiff was a resident at [CFSF], Defendants [Moughamian] and [Moon] improperly discharged [P]laintiff.  Plaintiff was referred by the San Francisco General Hospital after she was operated from [sic] her right foot.  A serious invasive procedure that required that plaintiff change her dressing on regular basis.  All the time that plaintiff requested a dressing change, defendant refused or used excuse as is being busy conversing w[ith] a patient the same happened when [P]laintiff need[ed] assistance to bag her leg to take a shower. ([T]hey never assisted paint [sic] w[ith] that, [P]laintiff purchased bags and she herself based [sic] her leg[.])"  SAC ¶ 63.

The allegations of the SAC do nothing to cure the deficiency identified by the Court with respect to Plaintiff's Seventh Cause of Action for violation of the ADA.  Plaintiff continues to allege that her discharge was improper based on her continuing medical needs; however, she alleges no new facts to show that her discharge was motivated by her disability.  Indeed, elsewhere in the SAC, Plaintiff continues to allege that she was discharged in retaliation for complaints against the employee Janet Doe.  SAC ¶¶ 10, 19-20.  As explained in the Court's prior order, these allegations do not support the inference that Defendants discriminated against Plaintiff because of her disability.

Pursuant to Rule 12(b)(6), dismissal is proper when a complaint fails to allege sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  To withstand dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A district court may dismiss a claim sua sponte under Rule 12(b)(6) if it provides notice of its intent to do so and affords the plaintiff an opportunity to oppose dismissal.  Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (citations omitted).

1    Although a pro se litigant is entitled to notice of a complaint's deficiencies and an
2    opportunity to amend prior to a dismissal with prejudice, Lucas v. Dep't of Corr., 66 F.3d
3    245, 248 (9th Cir. 1995), the court may deny leave to amend where the plaintiff has had
4    prior opportunities to amend and failed to cure the deficiencies and/or further amendment
5    would be futile.  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010); see
6    also Reed, 863 F.3d at 1207-08 (a sua sponte dismissal without leave to amend will be
7    upheld where the plaintiff cannot possibly win relief).
8        Finally, where a district court has dismissed all claims over which it has original
9    jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state law
10   claims.  28 U.S.C. § 1367(c)(3); see also Sanford v. MemberWorks, Inc., 625 F.3d 550, 561
11   (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before
12   trial, the balance of factors to be considered under the pendant jurisdiction doctrine—
13   judicial economy, convenience, fairness, and comity—will point toward declining to
14   exercise jurisdiction over the remaining state-law claims.").
15       The Court hereby provides notice of its intent to dismiss the Seventh Cause of
16   Action for violation of the ADA without leave to amend and an opportunity for Plaintiff to
17   oppose dismissal.  The Court further provides notice of its intent to remand all remaining
18   state law claims to state court in the event it determines that the ADA claim should be
19   dismissed.  Accordingly, Plaintiff shall show cause why the Seventh Cause of Action
20   should not be dismissed without leave to amend, and, in the event it is so dismissed, why
21   her remaining state law claims should not be remanded to state court.

## III. CONCLUSION

In view of the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff shall show cause: (1) why the unserved defendants should not be dismissed without prejudice; and (2) why the Seventh Cause of Action for violation of the ADA should not be dismissed without leave to amend and the remaining state law claims remanded to state court.  Plaintiff shall file a written response, not to exceed 15 pages (exclusive of the table of contents, table of authorities, exhibits and declarations, if

required), by no later than August 28, 2020.  **PLAINTIFF IS WARNED THAT THE FAILURE TO FULLY AND TIMELY COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OF THE UNSERVED DEFENDANTS WITHOUT PREJUDICE, DISMISSAL OF THE SEVENTH CAUSE OF ACTION WITHOUT LEAVE TO AMEND, AND REMAND OF THE ACTION BACK TO STATE COURT, WITHOUT FURTHER NOTICE.**

2. If the appearing Defendants wish to respond to this Order, they may file a joint written response, not to exceed 10 pages, by no later than August 28, 2020.  The deadline for Defendants to respond to the SAC is extended to 14 days after the Court issues an order resolving the OSC.

IT IS SO ORDERED.

Dated: August 6, 2020

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge