1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JANET TAPIA,

          Plaintiff,

  vs.

ALICE MOUGHAMIAN, et al.,

          Defendants.

Case No:  19-cv-06899 SBA

**ORDER DISMISSING THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE ADA AND REMANDING THE ACTION TO STATE COURT**

Plaintiff Janet Tapia ("Plaintiff"), proceeding pro se, brings the instant action against several defendants, including Alice Moughamian ("Moughamian") and Felicia Houston ("Houston"), erroneously sued as "Felizia Housthong."[1]  To date, only Moughamian and Houston have been served and appeared.  The operative pleading is Plaintiff's Second Amended Complaint for Damages ("SAC").  After reviewing the SAC, the Court issued an order directing Plaintiff to show cause why: (1) the unserved Defendants should not be dismissed without prejudice; and (2) her Seventh Cause of Action for Violation of the Americans with Disabilities Act ("ADA") should not be dismissed and the remainder of the action remanded to state court.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DISMISSES the Seventh Cause of Action without leave to amend and REMANDS the remainder of the action to state court.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] In addition to Moughamian and Houston, Plaintiff names as defendants: Scott Walton; Chelsea Moon; Cristina Quarks; Janet Joy, Executive Director; Kathleen Murphy, Shelter Health Program Coordinator; and Community Forward SF Inc. ("CFSF"), a nonprofit corporation (collectively, "Defendants").  She also sues several "Janet Does."

I.      **BACKGROUND**

    A.      FACTUAL ALLEGATIONS

On or about November 10, 2016, Plaintiff was admitted to San Francisco General Hospital, where she underwent surgery on her right foot to treat an infection she contracted at a homeless shelter. SAC ¶¶ 2, 10, Dkt. 44. Following surgery, she was "unable to walk or take care of herself." Id. Plaintiff was referred to CFSF for post-operative care. Id. She was a resident at CFSF from approximately November 15, 2016 to January 4, 2017. Id.

In or about the end of December 2016, an unnamed employee, "Janet Doe" (or sometimes, "Jane Doe"), closed the medical supply room. Id. ¶ 11. Plaintiff wanted Janet Doe to summon a nurse to change her bandages or open the medical supply room so that Plaintiff could change them herself. Id.; see also id. ¶¶ 19-20. Janet Doe refused. Id. ¶ 11. "Plaintiff complained about said employee and just after that, [D]efendants retaliated by withholding [P]laintiff's medicines and medical care for her wound." Id. Plaintiff asked the nurses' supervisor, Moughamian, "the reason [why care was being withheld]." Id. ¶ 12. Moughamian stated that "they don't really have to do noting [*sic*] for [Plaintiff] since she has the weekly appointments at the San Francisco General Hospital for that." Id.

On or about January 3, 2017, Janet Doe "accused [P]laintiff of eating on [*sic*] the bedroom, but [P]laintiff was no [*sic*] eating she had received a bag of cookies as Christmas gift from her roommate." Id. ¶ 13. The next day, "this same employee swung at [P]laintiff and called her 'cabrona[,]' [i]n English 'bitch.'" Id. Plaintiff verbally complained about the assault and also submitted a written complaint. Id. Plaintiff alleges that, the next day, "she was violently throw[n] out [of CFSF] by [an unidentified] black woman that yelled at her[,] ['][Y]ou have to go now! You have to go now or you will be sorry!'" Id. Plaintiff was frightened and afraid for her physical safety. Id.

Plaintiff alleges that she was eligible for transitional housing and a caregiver, but that Defendants failed to notify her of the same. Id. ¶ 16. Instead, she was sent to a homeless shelter known as Next Door. Id. ¶ 17. Plaintiff further alleges that Defendants "blacklisted" her from other programs and facilities with which they are affiliated. Id. ¶¶ 8,

14; see also id. ¶ 18 (alleging that, in or about February 2017, Plaintiff was thrown out of another shelter "because [CFSF] blacklisted her").  In sum, Plaintiff alleges that Defendants "discriminated and retaliated" against her "for filing complain[ts] against one of their employees[,] Jane[t] Doe …."  Id. ¶ 20; see also id. ¶ 21 (alleging Plaintiff was thrown out of CFSF after complaining about Janet Doe).

**B. PROCEDURAL BACKGROUND**

Plaintiff initiated the instant action in the San Francisco County Superior Court on April 5, 2019.  Dkt. 19-1.  She filed a First Amended Complaint ("FAC") on August 22, 2019, Dkt. 19-8.  The FAC alleged eleven causes of action—one federal law cause of action for violation of the ADA and ten state law causes of action for, inter alia, personal injury, elder abuse, and breach of contact.

On October 23, 2019, Moughamian removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1441.  Dkt. 1.  Houston joined in the removal. Dkt. 3.  On October 30, 2019, Houston and Moughamian filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 8, 9.  On November 26, 2019, Plaintiff filed a motion to remand the action to state court.  Dkt. 15.  The Court held the motions to dismiss in abeyance pending resolution of the motion to remand.  Dkt. 18.

Thereafter, the Court denied Plaintiff's remand motion.  Dkt. 29.  On June 1, 2020, the Court issued an Order Granting in Part and Denying in Part Defendant Moughamian and Houston's Motions to Dismiss ("Order re FAC").  Dkt. 41.  The Court dismissed four causes of action, including the Seventh Cause of Action for violation of the ADA, with leave to amend.  Id. at 16.  On June 28, 2020, Plaintiff filed the operative SAC, realleging all causes of action, including the Seventh for "Violation of the ADA."  SAC ¶ 63.

On August 6, 2020, the Court issued an Order to Show Cause: (1) Why Unserved Defendants Should Not Be Dismissed; and (2) Why the Seventh Cause of Action for Violation of the ADA Should Not Be Dismissed and the Remainder of the Action Remanded to State Court ("OSC").  Dkt. 46.  The Court ordered Plaintiff to respond, in writing, by August 28, 2020.  Id. at 7-8.  The Court warned Plaintiff that the failure to fully

and timely respond to the OSC would result in dismissal of the unserved defendants, dismissal of the Seventh Cause of Action, and remand of the action.  Id. at 8.

On August 18, 2020, Plaintiff filed by mail a Notice of Non-Receipt of Service of Court's Order to Show Cause, and Request for Re-Service of Order ("Notice").  Dkt. 49. The Notice was dated August 12, 2020.  In it, Plaintiff stated that, as of August 11, she had not been served with a copy of the OSC.  Id. ¶¶ 1, 3.

On August 28, 2020, the Court issued a Response to Plaintiff's Notice.  Dkt. 50. The Court indicated that the OSC had been served by mail on August 12, and thus, could not have been received by August 11.  Id. at 2.  The Court further indicated that it had accounted for mail delay when it set a deadline of August 28 for Plaintiff to respond to the OSC.  Id.  Based on the proof of service, the Court was confident Plaintiff had received the OSC within the timeframe anticipated by the Court.  Id.  Out of an abundance of caution, however, the Court extended the deadline for Plaintiff to respond to the OSC to September 4, 2020.  Id. at 2.  The Court again warned Plaintiff about the consequences of failing to timely respond to the OSC.  Id. at 3.

On September 8, 2020, Plaintiff filed by mail her "Response to Order to Show Cause Issued By The Court, And Motion for Extension of Time Under Fed. R. Civ[.] P[.] 6[](b), 4(m) Declaration" ("Response").  Dkt. 52.  Although the Response was not delivered within the time prescribed (i.e., by September 4), it is dated and postmarked August 28, 2020.  Given that Plaintiff made reasonable efforts to respond to the OSC in a timely fashion, the Court considers the substance of her Response.

## II.    DISCUSSION

### A.    FAILURE TO STATE A FEDERAL CLAIM AND REMAND

#### 1.    ADA Claim

Pursuant to Rule 12(b)(6), dismissal is proper when a complaint fails to allege sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  To withstand dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

1   Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

2   (2007)).  A district court may dismiss a claim sua sponte under Rule 12(b)(6) if it provides

3   notice of its intent to do so and affords the plaintiff an opportunity to oppose dismissal.

4   Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (citations omitted).

5          Although a pro se litigant is entitled to notice of a complaint's deficiencies and an

6   opportunity to amend prior to a dismissal with prejudice, Lucas v. Dep't of Corr., 66 F.3d

7   245, 248 (9th Cir. 1995), the court may deny leave to amend where the plaintiff has had

8   prior opportunities to amend and failed to cure the deficiencies and/or further amendment

9   would be futile.  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010); see

10  also Reed, 863 F.3d at 1207-08 (a sua sponte dismissal without leave to amend will be

11  upheld where the plaintiff cannot possibly win relief).

12         As previously set forth by the Court, to state a claim under either Title II or Title III

13  of the ADA, a plaintiff must plead and prove that the defendant denied her services or

14  accommodations *because of* her disability.  Order re FAC at 13 (citing Thompson v. Davis,

15  295 F.3d 890, 895 (9th Cir. 2002); Arizona v. Harkins Amusement Enters., Inc., 603 F.3d

16  666, 670 (9th Cir. 2010)).  Plaintiff fails to state a claim for violation of the ADA and—

17  despite having been given notice of the pleading requirements for such a claim and leave to

18  amend—has failed to cure the deficiencies in this cause of action.

19         In the FAC, Plaintiff alleged that "Defendants violated the ADA by improperly

20  discharging and blacklisting her[.]"  FAC ¶ 47.  According to Plaintiff, at the time of her

21  discharge, she "had very high blood pressure, fever, and her wound on her right feet [*sic*]

22  was still very swollen, open and propensity [*sic*] to an infection."  Id. ¶ 45.  Plaintiff alleged

23  that she was "legally disabled," as "she was sick and need[ed] skilled nurse care …."  Id.

24  ¶ 47.  Plaintiff concluded that "[D]efendants violated the ADA because principally Janet

25  Goy, [Moughamian] and [Houston], all of them in management positions reviewed all her

26  file and saw that it was improper discharge and violation of the ADA."  Id.

27         The Court explained that the FAC's allegations failed to state an ADA claim.  Order

28  re FAC at 12-14.  Even assuming Plaintiff is disabled within the meaning of the ADA, she

fails to allege any *facts* to support the inference that Defendants discharged and/or blacklisted her *because of* such disability.  Id. at 13.  Although she alleged that she was denied medical care by virtue of her untimely discharge, she did not allege that the discharge was motivated by her disability.  Id.  Rather, she alleged Defendants discharged her because she complained about the employee Janet Doe.  Id. (citing FAC ¶¶ 10-12, 18-19).  This does not give rise to an inference of discrimination based on Plaintiff's disability.

Plaintiff failed to address this pleading deficiency in her opposition to Moughamian and Houston's prior motions to dismiss.  She stated only that Defendants failed to consider or disregarded her medical needs when they discharged her to a shelter.  Opp'n at 7, Dkt. 35.  The Court explained that "Defendants' purported failure to consider or their apparent disregard for Plaintiff's medical needs at the time of her discharge does not support the conclusion that Defendants excluded Plaintiff 'due[] to her disability.'"  Order re FAC at 14.  Nevertheless, even though Plaintiff failed to identify additional facts she might allege in support of her claim, the Court granted her leave to amend.  Id.

In the operative SAC, the entirety of Plaintiff's Seventh Cause of Action is as follows: "On [o]r around November 2016 plaintiff was a resident at [CFSF], Defendants [Moughamian] and [Moon] improperly discharged [P]laintiff.  Plaintiff was referred by the San Francisco General Hospital after she was operated from [*sic*] her right foot.  A serious invasive procedure that required that plaintiff change her dressing on regular basis.  All the time that plaintiff requested a dressing change, defendant refused or used excuse as is being busy conversing w[ith] a patient the same happened when [P]laintiff need[ed] assistance to bag her leg to take a shower. ([T]hey never assisted paint [*sic*] w[ith] that, [P]laintiff purchased bags and she herself based [*sic*] her leg[.])"  SAC ¶ 63.

The allegations of the SAC do nothing to cure the deficiency identified by the Court with respect to Plaintiff's Seventh Cause of Action for violation of the ADA.  Plaintiff continues to allege that her discharge was improper based on her continuing medical needs; however, she alleges no new facts to show that her discharge was motivated by her disability.  Indeed, elsewhere in the SAC, Plaintiff continues to allege that she was

1  discharged because she lodged complaints against the employee Janet Doe.  SAC ¶¶ 10, 19-

2  20.  As explained in the Court's prior order, this does not support the inference that

3  Defendants discriminated against Plaintiff because of her disability.

4  In response to the OSC, Plaintiff does not directly address her ADA claim or the

5  deficiencies identified by the court.  Rather, she argues that she sets forth facts giving rise

6  to claims (e.g., "[p]rofessional gross intentional negligence") that "goes well behind [*sic*]

7  violating the ADA."  Response at 5.  Without identifying the legal basis or elements of any

8  new cause of action, Plaintiff also states she will seek leave to add claims of "Corporate

9  Negligence" and "conspiracy to hurt [her]," either in this Court or in state court following

10  remand.  Id. at 5, 6.  She asks the Court not to dismiss the action but "allow [her] to plead it

11  under alternative legal theory."  Id.  She "does not oppose remand to state court[.]"  Id. at 6.

12  As set forth above, the Court provided Plaintiff notice of the deficiencies in her

13  ADA claim and an opportunity to amend.  Her amendments failed to cure the deficiencies.

14  The Court then provided notice of its intent to dismiss the Seventh Cause of Action and an

15  opportunity to oppose dismissal.  Plaintiff does not directly address the ADA claim in her

16  Response.  Instead, she states that she may seek leave to further amend her complaint to

17  add claims for corporate negligence and conspiracy, which have no apparent basis in

18  federal law.  Given that the facts alleged fail to state a claim for violation of the ADA, and

19  the lack of any meaningful attempt to cure this deficiency either in the SAC or Response to

20  the OSC, the Court finds Plaintiff cannot possibly win relief on this claim.  Accordingly,

21  the Seventh Cause of Action shall be DISMISSED without further leave to amend.

22  **2.    Remand**

23  Where a district court has dismissed all claims over which it has original

24  jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state law

25  claims.  28 U.S.C. § 1367(c)(3); see also Sanford v. MemberWorks, Inc., 625 F.3d 550, 561

26  (9th Cir. 2010).  "[I]n the usual case in which all federal-law claims are eliminated before

27  trial, the balance of factors to be considered under the pendant jurisdiction doctrine—

28  judicial economy, convenience, fairness, and comity—will point toward declining to

exercise jurisdiction over the remaining state-law claims." <u>Sanford</u>, 625 F.3d at 561.  Here, Plaintiff's sole federal claim has been dismissed and the action remains at the pleading stage.  Although Plaintiff states that she may seek leave to add new causes of action for corporate negligence and conspiracy, it is not apparent that leave to amend will be granted. Moreover, Plaintiff fails to identify (and the Court is unaware of) any basis for the proposed claims in federal law.  To the extent that these claims have a legal basis, they appear to be grounded solely in state law, and Plaintiff may seek leave to assert these claims in state court following remand.  Finally, Plaintiff explicitly states that she does not oppose remand. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and the action shall be REMANDED to state court.

### B.    UNSERVED DEFENDANTS

In her Response to the OSC, Plaintiff makes a colorable argument that CFSF has been served or, at the very least, has notice of the action, and thus, will not be prejudiced if the deadline to perfect service is extended.  She fails to adequately develop and support this argument, however.  In light of the fact that the action is being remanded and remains at the pleading stage, the matter of the unserved defendants will be left to the discretion of the state court.  Accordingly, the Court's OSC is DISCHARGED with regard to the issue of the unserved defendants.

## III.   CONCLUSION

In view of the foregoing, IT IS HEREBY ORDERED THAT:

1.      The Seventh Cause of Action for violation of the ADA is DISMISSED without further leave to amend.

2.      Pursuant to 28 U.S.C. § 1367(c)(3), the action is REMANDED forthwith to the Alameda County Superior Court.

3.      The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: September 22, 2020



SAUNDRA BROWN ARMSTRONG
Senior United States District Judge